UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EZEKIEL TRAIVON BONDS,

        Plaintiff,

v.

TIMOTHY PILAND, JETHRA HOUN, LASHYLA HARTMAN,

        Defendants.

Case No. C22-5522 RAJ-TLF

ORDER TO SHOW CAUSE

This matter is before the Court on plaintiff's filing of a Motion for Leave to Proceed *in forma pauperis* ("IFP") and his proposed civil rights complaint. Dkt. 1. Plaintiff is *pro se*. Dkt. 1-1. Due to the deficiencies in Plaintiff's complaint, the Court will not grant Plaintiff's motion at this time, but he will be given an opportunity to show cause why his IFP application should not be denied or to file an amended complaint by September 16, 2022.

BACKGROUND

Plaintiff, a pretrial detainee at the Pierce County Jail, filed his proposed 42 U.S.C. § 1983 on July 19, 2022. He names two Pierce County police officers, Timothy Piland and Jethra Houn, as defendants. He also names Lashyla Hartmon as a defendant, who Plaintiff alleges unlawfully accused him of a crime. Dkt. 1-1, at 3. Plaintiff lists numerous constitutional violations, including violations to his Fourth, Fifth, Ninth, Tenth, and

ORDER TO SHOW CAUSE - 1

Fourteenth Amendment rights. He also appears to allege a general violation of his rights under the Washington State Constitution. *Id.* at 4.

Plaintiff alleges that the named police officers unlawfully arrested him on December 24, 2021. *Id.* at 5. It is unclear from Plaintiff's complaint on what grounds he was arrested, but he states that "there was no domestic violence/malicious mischief or firearms found in his possession." *Id.* at 8. As a result of his allegedly unlawful arrest, Plaintiff states that he suffered loss of time and is fearful for his life in prison. *Id.* He seeks a restraining order against the police officers, to be released from prison, and two million dollars in damages. *Id.* at 9.

DISCUSSION

The Court must dismiss the complaint of a prisoner "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted'" or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997); *see also Sparling v. Hoffman Constr. Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted "where the amendment

would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (1) the conduct complained of was committed by a person acting under color of state law, and (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

All of the facts alleged in the complaint are related to plaintiff's allegedly unlawful arrest; one of the remedies requested in the complaint is for the Court to order plaintiff released from state custody. To the extent plaintiff is challenging the fact or duration of his confinement, habeas corpus is the only legal proceeding plaintiff may utilize.

Plaintiff also appears to be seeking damages relating to his alleged unlawful seizure. However, there is ambiguity about what each defendant did or failed to do that allegedly violated his rights and resulted in his allegedly unlawful arrest or seizure. That is, plaintiff fails to clearly identify and state the alleged wrong-doing of each defendant he seeks to proceed against in this suit. Rather, he states in a conclusory fashion that he was unlawfully arrested. Dkt. 1-1, at 4.

Plaintiff must allege facts showing how each named defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). Sweeping conclusory allegations against an official

ORDER TO SHOW CAUSE - 3

are insufficient to state a claim for relief. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file a proposed amended complaint and within the proposed amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

## CONCLUSION

Due to the deficiencies described above, the Court will not grant Plaintiff's IFP application or serve the complaint. Plaintiff is ordered, on or before September 16, 2022, to show cause as to why this Court should not recommend his IFP application be denied.

Dated this 31st day of August, 2022.

Theresa L. Fricke
United States Magistrate Judge